[Cite as *U.S. Bank, N.A. v. Jeffers*, 2017-Ohio-9153.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105002**

# U.S. BANK, N.A.

PLAINTIFF-APPELLEE

vs.

# THOMAS E. JEFFERS, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-804713

**BEFORE:** E.T. Gallagher, J., Keough, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** December 21, 2017

**ATTORNEY FOR APPELLANTS**

Harry J. DePietro
The DePietro Law Office, L.L.C.
7 West Liberty Street
Girard, Ohio 44420


**ATTORNEYS FOR APPELLEES**

John E. Codrea
Matthew J. Richardson
Manley, Deas & Kochalski, L.L.C.
P.O. Box 165028
Columbus, Ohio 43216

Melany A. Fontanazza
McGlinchey Stafford
25550 Chagrin Blvd., Suite 406
Cleveland, Ohio 44122

**For the Cuyahoga County Treasurer**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Gregory B. Rowinski
Assistant Prosecuting Attorney
310 West Lakeside Avenue, Suite 300
Cleveland, Ohio 44113

**Also Listed**

Matthew J. Marotta, pro se
6215 Virginia Avenue
Parma, Ohio 44129

Nora Marotta, pro se
15834 Parklawn Avenue
Cleveland, Ohio 44130

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant, Thomas Jeffers, Jr., appeals from the judgment of the common pleas court that granted the motion of plaintiff-appellee, U.S. Bank, N.A., to substitute Christiana Trust, a Division of Wilmington Savings Fund Society, FSB ("Christiana Trust"), as party plaintiff in this foreclosure action. Jeffers raises the following assignments of error for review:

> 1. The trial court erred, as a matter of law, when it considered the unserved motion to substitute a new party plaintiff, and when it denied Jeffers's oral motion for a directed verdict or dismissal of the case as no properly substituted party plaintiff, nor the original party plaintiff, was present to prosecute the action at trial.
>
> 2. The trial court erred as a matter of law and abused its discretion when it found that Jeffers's failure to object to the unserved motion prior to trial constituted an implicit waiver of Jeffers's argument that the unserved motion could not be used to permit the substitution of the party plaintiff; and the denial of Jeffers's motion for dismissal of the case.

**{¶2}** After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I.  Procedural and Factual History

**{¶3}** In April 2013, U.S. Bank filed a foreclosure action against Jeffers, seeking judgment on a mortgage and note secured by real property in Parma Heights, Ohio. In response, Jeffers filed counterclaims premised on the Fair Debt Credit Collection Practices Act ("FDCPA"), the Ohio Consumer Sales Practice Act ("OCSPA"), and common-law fraud.

**{¶4}** After filing responsive pleadings, U.S. Bank filed a motion for judgment on the pleadings on Jeffers's counterclaims. In February 2014, the trial court granted U.S. Bank's motion for judgment on the pleadings on Jeffers's fraud claim, but denied the motion as to Jeffers's claims under the FDCPA and the OCSPA.

**{¶5}** In October 2014, U.S. Bank moved to substitute Christiana Trust as party plaintiff. In its motion, U.S. Bank stated that "while this litigation was pending, an assignment of mortgage from Plaintiff to Christiana Trust * * * was executed on December 12, 2013, and recorded with the Cuyahoga County Recorder on August 21, 2014." U.S. Bank asserted that substituting Christiana Trust as plaintiff was appropriate under Civ.R. 25 because there was a transfer of interest in the subject mortgage and note. The motion was electronically filed through the trial court's electronic filing system in compliance with the court's October 4, 2013 First Amended Temporary Administrative Order ("E-Filing Order"). Jeffers did not oppose the motion, and the trial court granted U.S. Bank's motion to substitute Christiana Trust as the party plaintiff.

**{¶6}** The matter was scheduled for a bench trial to commence in December 2014. On the day of trial, however, Jeffers filed a written memorandum in opposition to U.S. Bank's previously granted motion to substitute. In the motion, Jeffers argued that U.S. Bank's motion to substitute was invalid and "must be struck" because U.S. Bank failed to properly serve the motion pursuant to Civ.R. 5. Counsel for Jeffers reiterated his position on the record before the magistrate, claiming that "we weren't served at all, with respect to [the motion to substitute]." Following a brief discussion on the record, the magistrate

stated that it would not vacate its previous order substituting Christiana Trust as the party plaintiff.

{¶7} At the conclusion of the bench trial, the magistrate issued a decision, finding "that substitute plaintiff [Christiana Trust] is entitled to a decree of foreclosure, judgment on its note, and judgment in its favor on the counterclaims of [Jeffers]."

{¶8} As a preliminary matter, the magistrate found that it was necessary to first address Jeffers's challenge to the substitution of the plaintiff on the eve of trial. In rejecting Jeffers's reliance on Civ.R. 5, the court found that counsel for Jeffers was properly served with the motion to substitute pursuant to the court's E-Filing Order, which states that service of documents filed after the original complaint on registered users of the e-filing system is made by the service of an electronic notice sent to the registered user's email address. In addition, the court found that Jeffers "waived any arguments related to defective service of the motion to substitute plaintiff" because Jeffers's counsel received electronic notice of the motion but "failed to raise any issues regarding service of the motion until the eve of trial." Alternatively, the magistrate found that "even if one were to consider the merits of the motion to substitute, it was properly granted" as Civ.R. 25(C) "permits the substitution of the plaintiff where the interest of the plaintiff is transferred after the case was filed."

{¶9} In January 2015, Jeffers filed objections to the magistrate's decision, arguing that the magistrate's decision improperly "permitted the matter to go to trial with a party illegally substituted for the original plaintiff" and "repeatedly failed to enforce the Ohio Civil Rules against the substituted plaintiff herein."

**{¶10}** Substitute plaintiff, Christiana Trust, filed a responsive brief requesting the trial court to overrule Jeffers's objections and adopt the magistrate's decision in its entirety. Christiana Trust asserted that Jeffers's counsel was properly served with the motion to substitute in accordance with the provisions of the trial court's E-Filing Order.

**{¶11}** In August 2016, the trial court overruled Jeffers's objections and adopted the magistrate's decision in its entirety.

**{¶12}** Jeffers now appeals from the trial court's judgment.

## II. Law and Analysis

### A. Electronic Service

**{¶13}** In his first assignment of error, Jeffers argues the trial court erred as a matter of law when it granted U.S. Bank's motion to substitute Christiana Trust as the new party plaintiff. Jeffers further contends that the trial court erred by failing to dismiss the case because "no properly substituted party plaintiff, nor the original party plaintiff, was present to prosecute the action at trial."

**{¶14}** In this case, Jeffers does not dispute that U.S. Bank's interest in the subject note and mortgage was transferred to Christiana Trust during the pendency of this case. Instead, Jeffers maintains that the motion to substitute was never served on him or his counsel of record in violation of Civ.R. 5. Thus, Jeffers asserts that, without proper service, the motion to substitute the party plaintiff was improperly granted.

**{¶15}** Civ.R. 5(A) governs service and filing of pleadings and other papers subsequent to the original complaint. The rule requires that "every order required by its terms to be served," and "every written notice," among other papers, "subsequent to the

original complaint * * * be served upon each of the parties." "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Civ.R. 5(B)(1). Generally, service may be accomplished in a number of ways, including by hand delivery, United States mail, commercial carrier service, or email. Civ.R. 5(B)(2)(a), (c), (d), and (f).

{¶16} Pursuant to Civ.R. 5(E), "[a] court may provide, by local rules adopted pursuant to the Rules of Superintendence, for the filing of documents by electronic means." In turn, Rule 27 of the Ohio Supreme Court's Rules of Superintendence regarding "Approval of Local Rules of Court Relative to Information Technology" provides, in relevant part:

> Before adopting any local rule of practice that relates to the use of information technology, a court shall submit a copy of the proposed local rule to the Supreme Court Commission on Technology and the Courts for review in accordance with the process established by the Commission. A local rule of practice that relates to the use of information technology shall be considered inconsistent with this rule and of no force and effect unless the Commission determines that the local rule complies with the minimum, uniform standards adopted by the Commission.

Sup.R. 27.

{¶17} As stated, the trial court set forth its rules and procedures for electronic filings in its E-Filing Order, dated October 4, 2013. The order provides that all documents filed in foreclosure cases "shall" be electronically filed using the trial court's e-filing system. The E-Filing Order states that registered users of the e-filing system "must consent to receiving electronic service of papers in lieu of other methods of service," and specifies that electronic service of registered parties "shall have the same

legal effect as an original paper served under current rules." *Id*. at Section XIII(A) and

(B)(2). Regarding the service of documents filed subsequent to the complaint, the

E-Filing Order provides, in relevant part:

> a. When a document (other than and subsequent to a Complaint or Third-Party Complaint) is filed electronically in accordance with these procedures, the e-Filing System will generate a "Notice of Electronic Filing" to the filing party and to any other party who is a registered user of the e-Filing System. If the recipient is a registered user, a courtesy "Notice of Electronic Filing" e-mail will be delivered to the user's e-Filing-designated e-mail account and a similar notification will appear on the user's notifications page in the e-Filing System. *This electronic notice through the e-Filing System shall constitute service of that document upon that party in accordance with the applicable rules of the Court.*
>
> b. It is the responsibility of the registered user to check his/her notifications page in the e-Filing System for notices pertaining to recent filings, and to not rely solely on the courtesy e-mails delivered to the user's designated e-Filing e-mail account. It is also the responsibility of the registered user to ensure the courtesy e-mails with notices of electronic filings are not blocked by the spam filter of his/her designated e-Filing e-mail account.
>
> c. A Certificate of Service is still required when a party files a document electronically. The Certificate of Service shall state the manner, including by e-Service if applicable, in which service or notice was accomplished on each party entitled to service. The Certificate of Service shall set forth the date on which the attached document is being submitted for e-Filing, and shall designate that date as the date of service of the document.
>
> d. A party who is not a registered user of the e-Filing System is entitled to a paper copy of an electronically filed document. The filing party shall serve the non-registered party with the document in accordance with the applicable rules of Civil Procedure or as ordered by the assigned Judge in the case.

(Emphasis added.) *Id*. at Section XIII(B)(3)(a)-(d). Thus, service of an electronically

filed document is "deemed complete when a registered user receives the notice on his or

her E-Service Notification page through the e-filing system." *Id*. at Section XIII(B)(4)(a).

{¶18} In this case, counsel for Jeffers is a registered user of the court's e-filing system. Therefore, counsel consented to the procedural mandates of the E-Filing Order, including the required use of electronic service in lieu of other methods of service in foreclosure cases. The record reflects that U.S. Bank electronically filed its motion to substitute on October 9, 2014. The Certificate of Service contained in the motion states as follows:

> I [counsel for U.S. Bank] certify that a true and accurate copy of the foregoing Motion to Substitute Plaintiff was filed using the court's electronic filing system this 9th day of October, 2014. Notice will be sent to the following:
>
> [Co-Counsel for Plaintiff]
>
> [Counsel for Defendants Thomas and Stephanie Jeffers]
>
> [Counsel for Defendant Cuyahoga County Treasurer]

{¶19} Thus, the Certificate of Service complied with the requirements of the E-Filing Order and demonstrates that counsel for Jeffers received notice on his e-service notification page that U.S. Bank's motion to substitute was electronically filed. As set forth in the order, such notice of the electronic filing constituted proper service on Jeffers. Under these circumstances, we find no merit to Jeffers's contention that he was not served with U.S. Bank's motion to substitute. As such, the trial court did not err by granting the unopposed motion to substitute and had no basis to dismiss the foreclosure action.

**{¶20}** Jeffers next argues that the trial court's E-Filing Order conflicts with the timing requirements of Civ.R. 5(D) and is therefore "unconstitutional and invalid." Civ.R. 5(D) provides, in part, that "[a]ny paper after the complaint that is required to be served shall be filed with the court within three days *after* service." (Emphasis added.) Relying on the rules use of the term "after," Jeffers maintains that the E-Filing Order violates the express language of Civ.R. 5(D) by improperly permitting a party to file a motion with the court before service on an opposing party is completed.

**{¶21}** After careful consideration, we find Jeffers has failed to establish that he was prejudiced by the alleged violation of Civ.R. 5(D)'s timing requirements. While Civ.R. 5(D) clearly states that papers must be filed with the court within three days of service, there is nothing in the rule to suggest that the papers cannot be filed with the court at the same time service is rendered. As this court has stated, "[t]he purpose of Civ.R. 5(D) is to ensure that the opposing party is promptly served with filings." *Sovey v. Lending Group of Ohio*, 8th Dist. Cuyahoga No. 84823, 2005-Ohio-195, ¶ 16. To this end, the trial court exercised its authority under Civ.R. 5(E) by adopting a procedure for electronic filing that provides registered users of its e-filing system with nearly simultaneous service of electronically filed documents. In our view, the trial court's implementation of its e-filing system in designated civil cases benefits all party litigants, including Jeffers, by modernizing the litigation process and making case management more efficient.

**{¶22}** As stated, Jeffers was promptly served with U.S. Bank's motion to substitute pursuant to the E-Filing Order and was provided the opportunity to file a timely brief in opposition, but failed to do so. Accordingly, Jeffers was not prejudiced by the practically

simultaneous timing of the filing of the motion to substitute and the electronic service of the motion on Jeffers's counsel through the court's e-filing system. Service was promptly rendered in accordance with the purpose of Civ.R. 5(D).

{¶23} Finally, we note that the E-Filing Order was adopted in compliance with Rule 27 of the Ohio Supreme Court's Rules of Superintendence and the requirements of the Ohio Supreme Court's Advisory Committee on Technology. Thus, the order was not "inconsistent with the rules promulgated by the supreme court" as Jeffers suggests.

{¶24} Jeffers's first assignment of error is overruled.

### B. Waiver of Objection

{¶25} In his second assignment of error, Jeffers argues the trial court improperly found that counsel's "failure to object to the unserved motion prior to trial constituted an implicit waiver of Jeffers's argument that the unserved motion could not be used to permit the substitution of the party plaintiff." Jeffers contends that he had no duty to respond to the arguments raised in U.S. Bank's motion to substitute where proper service was never made.

{¶26} In this case, Jeffers's counsel was notified of the motion to substitute via the trial court's e-filing system on October 9, 2014. Nevertheless, the record reflects that Jeffers waited until the day of trial before opposing the motion to substitute or the validity of its service. Beyond counsel's unpersuasive reliance on Civ.R. 5(D), counsel failed to provide the court with a reasonable basis for the delayed objection. Under these circumstances, we find the trial court did not err in finding that Jeffers waived his opportunity to challenge the motion to substitute by failing to raise a timely objection.

**{¶27}** Moreover, we agree with the court's assessment that, even if Jeffers had timely opposed the motion to substitute, the motion was properly granted. This court uses the abuse of discretion standard of review when determining whether the trial court erred in granting a motion to substitute a party, under Civ.R. 25. *Argent Mtge. Co. v. Ciemins*, 8th Dist. Cuyahoga No. 90698, 2008-Ohio-5994, ¶ 9, citing *Young v. Merrill Lynch, Pierce, Fenner & Smith*, 88 Ohio App.3d 12, 623 N.E.2d 94 (8th Dist.1993). An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶28}** Civ.R. 25 authorizes the substitution of parties in the event of certain stated contingencies. Civ.R. 25(C) provides, in relevant part:

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. * * *.

Civ.R. 25(C) thus permits substitution by one who succeeds to an interest previously held by another. *Argent* at ¶ 11.

**{¶29}** In this case, U.S. Bank assigned the mortgage to Christiana Trust after this foreclosure case was filed. The mortgage was recorded on June 21, 2014. When the mortgage was assigned to Christiana Trust, counsel for U.S. Bank "continued to physically possess the Note, now on behalf of Christiana Trust" and presented the Note during trial. Under these circumstances, we are unable to conclude that the trial court abused its discretion by granting U.S. Bank's motion to substitute pursuant to Civ.R. 25(C).

Christiana Trust became a real party in interest once U.S. Bank transferred its interest in the subject note and mortgage to Christiana Trust after the filing of the underlying foreclosure action.

**{¶30}** Jeffers's second assignment of error is overruled.

**{¶31}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE
KATHLEEN ANN KEOUGH, A.J., and
LARRY A. JONES, SR., J., CONCUR