[Cite as *Ange v. Parker-Hannifin Corp.*, 2019-Ohio-175.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 107026**

**FREDERICK ANGE**

PLAINTIFF-APPELLANT

vs.

**PARKER-HANNIFIN CORPORATION**

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-17-880586

**BEFORE:** Blackmon, J., E.T. Gallagher, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 17, 2019

**ATTORNEY FOR APPELLANT**

Richard E. Hackerd
Richard E. Hackerd, Attorney At Law
55 Public Square, Suite 2100
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Monica Levine Lacks
Bruce G. Hearey
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
127 Public Square
4100 Key Tower, Suite 4130
Cleveland, Ohio 44114


PATRICIA ANN BLACKMON, J.:

{¶1} Plaintiff-appellant, Frederick Ange ("Ange"), appeals the trial court's order denying his motion for relief from judgment entered in favor of defendant-appellee, Parker Hannifin ("Parker Hannifin"), in Ange's action for age discrimination and other claims. Ange assigns the following error for our review:

The trial court incorrectly overruled [Ange's] motion for relief from judgment [under Civ.R. 60(B)].

{¶2} Having reviewed the record and relevant law, we affirm the decision of the trial court. The apposite facts follow.

{¶3} On May 18, 2017, Ange filed a complaint against Parker Hannifin, alleging eight employment discrimination claims. He alleged that he was terminated from his employment due to age discrimination, sex and race discrimination, religious discrimination, hostile work environment, public policy violation, breach of contract, and retaliatory discharge. Parker Hannifin denied liability under all claims.

**{¶4}** The trial court ordered that all dispositive motions were to be filed by December 29, 2017. On December 12, 2017, Parker Hannifin filed a motion for summary judgment on all claims. On the service page, Parker Hannifin indicated "[n]otice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system." By operation of Loc.R. 11(I) of the Court of Common Pleas of Cuyahoga County, General Division, Ange's brief in opposition was due within 30 days, or January 11, 2018.

**{¶5}** On January 23, 2018, the trial court noted that Ange had not filed a brief in opposition. The court granted Parker Hannifin's motion for summary judgment in an eight-page opinion that provided in relevant part as follows:

> During the summer of 2012, [Parker Hannifin] states that it reevaluated the structure of the [Ange's] department. At this time [Ange] was advised that his position might be at risk. After further evaluation, [Parker Hannifin] determined that [Ange's] duties could easily be absorbed by other teams within the * * * department, and as result, [Ange's] position was eliminated.
>
> Because [Parker Hannifin] has thoroughly briefed [Ange's] claims, the Court need not repeat these in great detail. Suffice it to say, in its motion, [Parker Hannifin] presents the Court with evidence as to why [Ange] fails to establish any prima facie claims of discrimination. [Parker Hannifin] next offers its legitimate, nondiscriminatory reasons for its actions. The Court finds that because [Ange] failed to file his brief in opposition, he cannot establish that any of [Parker Hannifin's] explanations are false, and thus its actions discriminatory. The Court grants summary judgment in favor of [Parker Hannifin] on [Ange's] counts one through four. * * *
>
> [Ange] never identifies upon which clear public policy he bases his claim. The evidence further establishes that he cannot bring claim under R.C. 4113.52, Ohio Whistleblower Act, because he offers no proof that he met the Act's stringent reporting requirements. * * * In order to bring claim outside of the statute, [Ange] must identify public policy outside of the public policy embodied within the statute. He does not do so. * * * [Parker Hannifin] offers [Ange's] employment application as evidence to show that [Ange] was clearly aware that he was employed at-will. [Ange] does not refute these facts with evidence that shows either that he was promised employment for specific length of time or that he could only be terminated for just cause. Further, [Ange] acknowledged that

he was not suggesting that there existed policy that provided him a job for life[.] * * * The Court grants summary judgment in favor of [Parker Hannifin] on [Ange's] count seven.

[In Count 8, the Parker Hannifin employee], who ultimately decided to eliminate [Ange's] position, was unaware of [Ange's] complaints of harassment. Accordingly, the Court finds that [Ange] cannot prevail on his retaliation claim.

{¶6} On February 13, 2018, Ange moved for relief from judgment under Civ.R. 60(B). His counsel asserted that he did not receive service and notification of Parker Hannifin's motion for summary judgment through the court's electronic docket in his e-mail, and did not learn of it until the trial court's ruling. He also stated that his response "would have been due on January 28, 2018 [or five days after the trial court's ruling] had the motion been filed on the [dispositive motion deadline] but the [court's] ruling was already entered on January 24, 2018." In opposition, Parker Hannifin provided the trial court with its notice from the clerk of courts that the motion for summary judgment was accepted for filing and that a copy was electronically served upon Ange's counsel at the email address that he provided. Under the Cuyahoga County Court of Common Pleas Administrative E-Filing Order ("E-Filing Order"), proper filing through the e-Filing System shall constitute service of that document upon the opposing party, and parties are also to check their notification pages and not merely rely upon e-mails from the clerk. Parker Hannifin also noted that Ange's response time began to run from the date of the filing of the motion, December 12, 2017, and not from the last date that the court would permit the filing of dispositive motions, December 29, 2017. The trial court denied Ange's motion for relief from judgment.

**Relief From Judgment**

**{¶7}** We review a ruling on a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988).

**{¶8}** In order to prevail on a Civ.R. 60(B) motion to vacate judgment, the motion must contain operative facts demonstrating three things: (1) the motion is timely, (2) the movant is entitled to relief under at least one of the grounds set forth in the rule, and (3) the movant has a meritorious claim or defense should the motion be granted. *GTE Automatic Elec. v. ARC Ind.,* 47 Ohio St.2d 146, 150, 351 N.E.2d 113 (1976); *Benesch v. Action Software, Inc.*, 8th Dist. Cuyahoga No. 91708, 2009-Ohio-1617, ¶ 22. If any of the three requirements are not met, the motion should be denied. *Rose Chevrolet*; *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351, 453 N.E.2d 648 (1983).

**{¶9}** In this matter, there is no dispute as to the timeliness of the motion. Turning to the second *GTE Automatic* factor, Ange's counsel asserts that he never received notice or service of Parker Hannifin's motion for summary judgment when it was electronically filed and did not learn about the motion until it was granted. He states that he searched his email and a duplicate system maintained by his assistant but could not locate any notification or service. He also argues that because the deadline for filing a dispositive motion was December 29, 2017, he would have been given until January 28, 2018, in which to file his brief in opposition if the motion was filed on the deadline date, but the trial court ruled on the motion before that date.

**{¶10}** In general, a party cannot ordinarily establish excusable neglect simply by casting blame upon the party's attorney, but when that neglect rises to the level of excusable neglect, Civ.R. 60(B) relief may be obtained. *GTE Automatic*, paragraph four of the syllabus, 47 Ohio St.2d at 153.

{¶11} In *United States Bank, N.A. v. Jeffers*, 8th Dist. Cuyahoga No. 105002, 2017-Ohio-9153, this court rejected a similar claim of lack of service and lack of notice where the motion was electronically filed and the certificate of service complied with the requirements of the E-Filing Order. This court held that the electronic service was proper, so that counsel for defendant received notice of it on his e-service notification page. This court explained:

> The E-Filing Order states that registered users of the e-filing system "must consent to receiving electronic service of papers in lieu of other methods of service," and specifies that electronic service of registered parties "shall have the same legal effect as an original paper served under current rules." *Id.* at [E-Filing Order] Section XIII(A) and (B)(2). Regarding the service of documents filed subsequent to the complaint, the E-Filing Order provides, in relevant part:
>
> a) When a document (other than and subsequent to a Complaint or Third-Party Complaint) is filed electronically in accordance with these procedures, the e-Filing System will generate a "Notice of Electronic Filing" to the filing party and to any other party who is a registered user of the e-Filing System. If the recipient is a registered user, a courtesy "Notice of Electronic Filing" e-mail will be delivered to the user's e-Filing-designated e-mail account and a similar notification will appear on the user's notifications page in the e-Filing System. This electronic notice through the e-Filing System shall constitute service of that document upon that party in accordance with the applicable rules of the Court.
>
> b) It is the responsibility of the registered user to check his/her notifications page in the e-Filing System for notices pertaining to recent filings, and to not rely solely on the courtesy e-mails delivered to the user's designated e-Filing e-mail account. It is also the responsibility of the registered user to ensure the courtesy e-mails with notices of electronic filings are not blocked by the spam filter of his/her designated e-Filing e-mail account.
>
> c) A Certificate of Service is still required when a party files a document electronically. The Certificate of Service shall state the manner, including by e-Service if applicable, in which service or notice was accomplished on each party entitled to service. The Certificate of Service shall set forth the date on which the attached document is being submitted for e-Filing, and shall designate that date as the date of service of the document. * * *
>
> *Id.* at Section XIII(B)(3)(a)-(d). Thus, service of an electronically filed document is "deemed complete when a registered user receives the notice on his

or her E-Service Notification page through the e-filing system." *Id.* at Section XIII(B)(4)(a).

In this case, counsel for Jeffers is a registered user of the court's e-filing system. Therefore, counsel consented to the procedural mandates of the E-Filing Order, including the required use of electronic service in lieu of other methods of service in foreclosure cases. The record reflects that U.S. Bank electronically filed its motion to substitute on October 9, 2014. The Certificate of Service [indicated that the motion] was filed using the court's electronic filing system [and that notice would be sent through the electronic filing system].    * * *

Thus, the Certificate of Service complied with the requirements of the E-Filing Order and demonstrates that counsel for Jeffers received notice on his e-service notification page that U.S. Bank's motion to substitute was electronically filed. As set forth in the order, such notice of the electronic filing constituted proper service on Jeffers. Under these circumstances, we find no merit to Jeffers's contention that he was not served with U.S. Bank's motion to substitute. As such, the trial court did not err by granting the unopposed motion to substitute and had no basis to dismiss the foreclosure action.

*Id.* at ¶ 17-19.

{¶12} We find this reasoning applicable herein. Parker Hannifin's motion for summary judgment was accepted for electronic filing on December 12, 2017, and the email accepting the motion also indicated that a copy was electronically sent to Ange's counsel. Even assuming a problem with counsel's receipt of this email, Parker Hannifin's certificate of service complied with the requirements of the E-Filing Order and demonstrates that counsel for Ange received notice on his e-service notification page. The motion would also have appeared on the docket during the six weeks prior to the court's ruling. Under these circumstances there was proper service, so we cannot find excusable neglect herein.

{¶13} Moreover, in the absence of excusable neglect, the trial court did not abuse its discretion in denying the motion to vacate. *Accord Beswick Group N. Am., L.L.C. v. W. Res. Realty, L.L.C.*, 8th Dist. Cuyahoga No. 104330, 2017-Ohio-2853, ¶ 8, citing *Garrett v. Gortz*, 8th Dist. Cuyahoga No. 90625, 2008-Ohio-4369, ¶ 16 ("it was incumbent on [counsel] to check the

docket to keep informed of the progress of the case. The failure to * * * keep informed of the progress of an ongoing case does not qualify as excusable neglect"). *See also Roberts v. Roberson*, 8th Dist. Cuyahoga No. 92141, 2009-Ohio-481, ¶ 19.

**{¶14}** The assigned error lacks merit.

**{¶15}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, JUDGE

EILEEN T. GALLAGHER, P.J. and
KATHLEEN ANN KEOUGH, J., CONCUR