[Cite as *Citizens Bank, N.A. v. Richer*, 2019-Ohio-2740.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITIZENS BANK, N.A., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 107744 |
| v. | : | |
| ANTHONY J. RICHER, JR., ET AL., | : | |
| Defendants-Appellants. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 3, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-15-850948

***Appearances:***

Shapiro, Van Ess, Phillips and Barragate, L.L.P., Ashlyn
Heider, and Phillip C. Barragate, *for appellee.*

Omar F. Shaaban, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1}   Defendant-appellant, Anthony J. Richer, Jr., appeals the trial court's order granting summary judgment to plaintiff-appellee, Wilmington Savings Fund Society, FSB, d.b.a. Christiana Trust, not in its Individual Capacity but solely in its

Capacity as Owner Trustee of Matawin Ventures Trust Series 2017-2 ("Wilmington

II").[1]  He raises six assignments of error for our review:

> 1. The trial court erred to the prejudice of appellant by granting the appellee's motion for summary judgment even though the appellee failed to prove that it satisfied all conditions precedent mandated by the National Housing Act of 1934 (12 U.S.C. 1701 et seq.) and 42 U.S.C. 3534(a) and rescission and other rights set forth in 15 U.S.C. 1635 and the Truth and Lending Act (15 U.S.C. 1601 et seq.).
>
> 2. Reviewing appellee's motion for summary judgment de novo, the record is clear and convincing that the trial court erred to the prejudice of the appellant by granting the appellee's motion for summary judgment.
>
> 3. The trial court erred to the prejudice of appellant by [granting] the appellee's motion for summary judgment based upon the presence of genuine issues of material fact regarding the appellee-plaintiff's failure to provide sufficient evidence of entitlement to foreclosure and/or damage.
>
> 4. The trial court erred to the prejudice [of appellant] by granting the plaintiff and appellee's motion for substitution of plaintiff.
>
> 5. The trial court erred to the prejudice of appellant by [granting] the appellee's motion for summary judgment as the appellant was entitled to rescission of the alleged note and mortgage, which issue was improperly ignored by the lower court and the truth-in-lending claims presented genuine issues of material fact.
>
> 6. The trial court erred to the prejudice of the appellant by granting the appellee's motion for summary judgment dismissing the appellant's counterclaims based upon the presence of genuine issues of material facts.

---

[1] As explained in the procedural history section of this opinion, Citizens Bank, N.A. ("Citizens Bank") was the original plaintiff in the lower court proceedings.  In February 2017, Citizens Bank substituted Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust A ("Wilmington I") as the plaintiff because Citizens Bank assigned the mortgage and promissory note, the subject of this appeal, to Wilmington I in December 2016.  In December 2017, Wilmington I assigned the mortgage to Wilmington II and substituted Wilmington II as the plaintiff.  Therefore, for purposes of clarity, Wilmington II is the plaintiff-appellee in this appeal.

{¶ 2}    Finding no merit to his assignments of error, we affirm.

## I.    Procedural History and Factual Background

{¶ 3}    In September 2015, Citizens Bank filed a complaint for in rem relief, foreclosure, and other equitable relief against Richer and his spouse.[2]    The complaint was based on an August 2004 promissory note and mortgage between Citizens Bank[3] and Richer, giving Richer $83,725 to purchase the property located at 4357 Moonglow Lane in Cleveland, Ohio.  The note required Richer to make monthly payments of $475.39 beginning in October 2004 and pay the mortgage back in full no later than September 1, 2034.

{¶ 4}    According to Citizens Bank, Richer stopped making the required monthly payments in March 2013 and failed to make any payment since that time, and in September 2013, Citizens Bank sent Richer a letter notifying him that he was in default.  In its complaint, Citizens Bank alleged that Richer was in default under the promissory note due to the nonpayment and broke the conditions of the mortgage.  Citizens Bank sought "in rem relief against the subject real estate for $70,657.66 with interest at the rate of 6.5% per annum from March 1, 2013, plus late

---

[2] It is not clear whether Richer is married as service was never perfected on an alleged spouse, an alleged spouse never filed pleadings or co-filed pleadings with Richer, and no evidence was submitted as to Richer's marital status. Further, no party claiming to be Richer's spouse appeals the trial court's entry of judgment, and the instant appeal only concerns the judgment entered against Richer.

[3] The promissory note and mortgage was actually between Richer and Charter One Bank, N.A.; however, Charter One changed its name to Citizens Bank pursuant to a merger (according to Citizens Bank's complaint).

charges applicable to the terms of the Promissory Note and Mortgage plus costs and advances" as well as foreclosure and an order allowing it access to inspect the interior and exterior of the property.

{¶ 5} In January 2016, Richer filed an answer, in which he claimed that he sent Citizens Bank a letter rescinding the mortgage on December 18, 2015. Richer also filed counterclaims against Citizens Bank for breach of contract, unjust enrichment, declaratory judgment, and violations of federal and state protections and laws, including violations of R.C. 1322.07, the federal Fair Debt Collection Practices Act (15 U.S.C. 1692), Ohio's Consumer Sales Practices Act, 15 U.S.C. 1641 and 24 C.F.R. 3500.21. Richer sought declaratory judgment, rescission of the mortgage and promissory note, termination of Citizens Bank's security interest in the property, and other equitable relief, including reimbursement.

{¶ 6} Citizens Bank responded to Richer's counterclaims.

{¶ 7} In February 2016, Richer filed a partial motion for summary judgment, seeking summary judgment on all of Citizens Bank's claims and summary judgment on his counterclaim for declaratory judgment. The trial court denied the motion.

{¶ 8} In July 2016, Citizens Bank moved for default judgment, but the trial court denied its motion. Citizens Bank then filed a motion for summary judgment, which Richer opposed, and the trial court also denied.

{¶ 9} In October 2016, Richer filed another motion for summary judgment "based on federal law," which the trial court denied.

{¶ 10} In December 2016, Citizens Bank transferred the loan to Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust A ("Wilmington I").

{¶ 11} As a result, in February 2017, Citizens Bank sought leave to file an amended complaint because "the mortgage loan which is the subject of the instant action has been service transferred," and it needed to substitute Wilmington I as the plaintiff. The trial court granted Citizens Bank's motion, and Wilmington I filed its amended complaint on February 14, 2017.[4] Richer filed an answer to the amended complaint with his original counterclaims.[5]

{¶ 12} In February 2017, Wilmington I filed a motion to dismiss Richer's counterclaims, claiming that Richer could not lodge counterclaims against it because Richer failed to satisfy the condition precedent set forth in the mortgage, which required written notice of an alleged breach and because Richer failed to state a claim for any of his counterclaims. Richer opposed the motion. The trial court granted and denied the motion in part. Specifically, the trial court dismissed

---

[4] The trial court denied Citizens Bank's first motion for leave to file an amended complaint because "there [was] no proposed amended pleadings attached or evidence of the assignment of plaintiff's interest."

[5] Richer filed his answer and counterclaims on February 10, 2017, which was before the trial court actually allowed Citizens Bank to file an amended complaint. While his answer and counterclaims were prematurely filed, he refiled his answer and counterclaims again in April 2017.

Additionally, the answers that Richer filed on February 10, 2017, and April 12, 2017, maintained that he sent a letter to Citizens Bank on December 18, 2015, rescinding the mortgage; however, the letter attached to those answers to the amended complaint is dated April 16, 2016, not December 18, 2015.

Richer's counterclaim for unjust enrichment, but denied the motion to dismiss as to Richer's remaining counterclaims.

{¶ 13} In April 2017, Richer moved the trial court for dismissal of Wilmington I's claims or, alternatively, a judgment on the pleadings, which the trial court denied.

{¶ 14} In December 2017, Wilmington I assigned the mortgage to Wilmington II.

{¶ 15} As a result, in February 2018, Wilmington I moved to substitute Wilmington II as the party plaintiff. Richer opposed the motion, but the trial court granted the motion in March 2018.

{¶ 16} In May 2018, Wilmington II, with leave of court, filed a motion for summary judgment instanter. Richer did not respond to the motion, and the trial court granted Wilmington II's motion for summary judgment in July 2018 in part. The trial court denied the motion "with respect to the issue of the current balance due, as defendant's affidavit raises a genuine issue as to the proper application of payments, and the correct balance due." The trial court therefore ordered that a bench trial before the magistrate take place in regards to that issue.

{¶ 17} At trial, the parties entered a stipulation on the record as to the amount due.

{¶ 18} In August 2018, the magistrate subsequently released a decision, stating in relevant part:

The Magistrate finds that [Richer's] right to rescind expired three years after consummation of the note and mortgage, pursuant to 12 C.F.R. 226.23(a)(3), at the latest three years after 8/19/04, on 8/19/07. The Magistrate finds that [Richer's] attempt to rescind in 2015 was untimely. * * *

[T]he parties stipulated to the correct amount due on the day of trial. Pursuant to the parties' stipulation, the Magistrate finds that Substitute Plaintiff is currently owed the sum of $70,657.66 on the promissory note plus interest of 5.5% per year from April 1st, 2013.

The magistrate granted Wilmington II's motion for summary judgment both as to the nonanswering parties and as to Richer. The magistrate granted Wilmington II a judgment in the amount of $70,657.66 on the promissory note plus interest of 5.5 percent per year from April 1, 2013 "plus any advancements for taxes, insurance, and other expenditures for the protection of the property." The magistrate also stated that unless Richer fully paid those sums within three days of the trial court's adoption of its decision, "the equity of redemption and dower of all defendants in and to said premises will be foreclosed and that an order of sale shall issue to the Sheriff of Cuyahoga County."

{¶ 19} In September 2018, the trial court adopted the magistrate's decision. It is from this judgment that Richer now appeals.[6]

---

[6] On September 14, 2018, a praecipe for order of sale was filed with the court for $600. The sale of the property was scheduled for October 29, 2018. Richer filed his appeal on October 2, 2018, and moved to stay execution of judgment pending appeal the same day. On October 29, 2018, the trial court's docket includes an entry stating, "Order of Sale Returned 10/29/2018, Sold Date 10/29/2018." On November 29, 2018, the trial court denied in part and granted in part Richer's motion to stay execution. It denied his motion "in as much as [Richer] seeks a stay without bond." It granted the motion to allow Richer to obtain a supersedeas bond in the amount of $7,772.34 and stayed the sheriff's sale for 30 days. The trial court stated that Richer's failure to file a bond by December 31, 2018 "may result in the confirmation of the sheriff's sale." In January 2019, Richer moved for an extension of time to file the supersedeas bond, but the trial court denied Richer's

## II. Law and Analysis

{¶ 20} Richer's assignments of error concern the trial court's order granting summary judgment to Wilmington II on its claims against Richer as well as on Richer's counterclaims and the trial court's order granting Wilmington I's motion to substitute. We will address Richer's assignments out of order for ease of discussion.

### A. Motion to Substitute

{¶ 21} In his fourth assignment of error, Richer argues that the trial court erred when it granted Wilmington I's motion to substitute Wilmington II as the plaintiff. Specifically, he argues that "there was no proof or evidence that the proposed plaintiff properly and legitimately purchased the alleged debt and/or security interest and/or somehow merged with the then-current Plaintiff absorbing the current claimant's identi[t]y, rights, and interests."

{¶ 22} We review the trial court's decision granting the motion to substitute for an abuse of discretion. *United States Bank, N.A. v. Jeffers*, 8th Dist. Cuyahoga No. 105002, 2017-Ohio-9153, ¶ 27. A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 23} Civ.R. 25(C), which allows the substitution of parties, states in relevant part:

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the

request in April 2019. The docket does not reflect that the sale has been confirmed and the proceeds distributed as of the date of oral argument on June 5, 2019.

person to whom the interest is transferred to be substituted in the action of joined with the original party.

The rule therefore "permits substitution by one who succeeds to an interest previously held by another." *Jeffers* at ¶ 28.

{¶ 24} Here, Citizens Bank assigned the mortgage to Wilmington I in December 2016 after the complaint for foreclosure was filed. In February 2017, Wilmington I assigned the mortgage to Wilmington II. Both of the assignments were recorded with the Cuyahoga County Fiscal Office. Based on the latest assignment, Wilmington I moved to substitute Wilmington II.

{¶ 25} Based on the above, we are unable to conclude that the trial court abused its discretion by granting Wilmington I's motion to substitute under Civ.R. 25(C).

{¶ 26} Accordingly, Richer's fourth assignment of error is overruled.

### B. Motion for Summary Judgment

{¶ 27} In his first, second, third, fifth, and sixth assignments of error, Richer argues that the trial court erred in granting Wilmington II summary judgment on Wilmington II's claims and Richer's counterclaims.

{¶ 28} An appellate court reviews a trial court's decision to grant summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. De novo review means that this court independently "examine[s] the evidence to determine if as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d

1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal*, 64 Ohio St.2d 116, 413 N.E.2d 1187 (1980). In other words, we review the trial court's decision without according the trial court any deference. *Smith v. Gold-Kaplan*, 8th Dist. Cuyahoga No. 100015, 2014-Ohio-1424, ¶ 9, citing *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 699 N.E.2d 534 (8th Dist.1997).

{¶ 29} Under Civ.R. 56(C), summary judgment is properly granted when (1) "there is no genuine issue as to any material fact"[;] (2) "the moving party is entitled to judgment as a matter of law"[;] and (3) "reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made[.]" *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Because it ends litigation, courts should carefully award summary judgment only after resolving all doubts in favor of the nonmoving party and finding that "reasonable minds can reach only an adverse conclusion" against the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

{¶ 30} "The burden of showing that no genuine issue exists as to any material fact falls upon the moving party. Once the moving party has met his burden, it is the non-moving party's obligation to present evidence on any issue for which that party bears the burden of production at trial." *Robinson v. J.C. Penney Co.*, 8th Dist. Cuyahoga Nos. 62389 and 63062, 1993 Ohio App. LEXIS 2633, 14 (May 20, 1993), citing *Harless & Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108, 570 N.E.2d 1095 (1991). "The moving party is entitled to summary judgment if the

nonmoving party fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Brandon/Wiant Co. v. Teamor*, 125 Ohio App.3d 442, 446, 708 N.E.2d 1024 (8th Dist.1998), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

{¶ 31} Richer's assignments of error contesting summary judgment as to Wilmington II's claims against him boil down to two main arguments: awarding Wilmington II summary judgment on its claims was error because (1) the record does not support the grant of summary judgment because there are genuine issues of material fact, and (2) Wilmington II failed to prove that it satisfied the conditions precedent under federal law. We address each of these arguments separately.

{¶ 32} In support of his contention that there are genuine issues of material fact, Richer first makes a number of arguments concerning evidentiary materials attached to Wilmington II's motion for summary judgment. Wilmington II is correct, however, that Richer waived any argument as to those evidentiary materials by not moving to strike or objecting to that evidence. We have previously held that "[f]ailure to move to strike or otherwise object to documentary evidence submitted by a party in support of, or in opposition to, a motion for summary judgment waives any error in considering that evidence under Civ.R. 56(C)." *Stegawski v. Cleveland Anesthesia Group, Inc.*, 37 Ohio App.3d 78, 83, 523 N.E.2d 902 (8th Dist.1987); *see also Buckeye Lake Stores Realty Co. v. Cleveland*, 41 Ohio St.2d 41, 322 N.E.2d 629 (1975) ("[E]rrors which arise during the course of a trial, which are not brought to

the attention of the court by objection or otherwise, are waived and may not be raised upon appeal."). Therefore, Richer has waived any error as to the evidence attached to Wilmington II's motion for summary judgment by failing to move to strike or object to that evidence.

{¶ 33} Despite the fact that Richer has waived most of his arguments concerning the grant of summary judgment, it is necessary to address a few points. First, Richer argues that the affidavit of Bernice Russell was insufficient to warrant summary judgment. Russell's affidavit, however, was not attached to Wilmington II's motion for summary judgment. That affidavit was attached to Citizens Bank's motion for summary judgment, which was filed in July 2016, and denied by the trial court in January 2017.

{¶ 34} Next, Richer argues that Wilmington II failed to present evidence that "any rights and/or interest of the alleged original lender were actually and eventually transferred to [Wilmington II] via the alleged assignment[.]" We disagree. Attached to Wilmington II's motion for summary judgment was (1) a copy of the assignment of the mortgage and promissory note from Citizens Bank to Wilmington I recorded on December 12, 2016, and (2) a copy of the assignment of the mortgage and note from Wilmington I to Wilmington II recorded on December 19, 2017.

{¶ 35} Aside from the evidentiary issues that Richer raises, he also argues that granting Wilmington II summary judgment was error because it lacked standing. We review whether a party has standing de novo. *Bank of Am. v. Lynch*, 8th Dist. Cuyahoga No. 100457, 2014-Ohio-3586, ¶ 31. In *Lynch*, we stated:

> In a foreclosure action, the current holder of the note and mortgage is the real party in interest. *Wells Fargo Bank, N.A. v. Stovall*, 8th Dist. Cuyahoga No. 91802, 2010-Ohio-236, ¶ 15, citing *Chase Manhattan Mtge. Corp. v. Smith*, 1st Dist. Hamilton No. C-061069, 2007-Ohio-5874. A party may establish its interest in the suit, and thus have standing, when, at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned or (2) is the holder of the note. *CitiMortgage, Inc. v. Patterson*, 2012-Ohio-5894, 984 N.E.2d 392, ¶ 21, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214.

*Id.* at ¶ 32.

{¶ 36} As discussed above, attached to Wilmington II's motion for summary judgment were two assignments: one assigning the mortgage and promissory note from Citizens Bank to Wilmington I in December 2016 and another assigning the mortgage and promissory note from Wilmington I to Wilmington II in December 2017. Therefore, that evidence established that Wilmington II had standing. *See Lynch* at ¶ 38 (concluding that Bank of America had standing to initiate the foreclosure action because it attached a copy of the relevant assignments to its motion for summary judgment).

{¶ 37} Finally, Richer argues that Wilmington II "failed to prove compensable damages." However, the trial court's docket reflects that on August 13, 2018, Wilmington II and Richer stipulated to the amount of damages Richer owed to Wilmington II. The magistrate's decision stated, "Pursuant to the parties' stipulation, the Magistrate finds that [Wilmington II] is currently owed the sum of $70,657.66 on the promissory note plus interest of 5.5% per year from April 1st, 2013."

{¶ 38} A stipulation is "'a voluntary agreement entered into between opposing parties concerning the disposition of some relevant point in order to avoid the necessity for proof on an issue[.]'" *Bodrock v. Bodrock*, 8th Dist. Cuyahoga No. 104177, 2016-Ohio-5852, ¶ 19, quoting *Wilson v. Harvey*, 164 Ohio App.3d 278, 2005-Ohio-5722, 842 N.E.2d 83 (8th Dist.). "A stipulation of fact 'removes the issue from the litigation' * * * and 'renders proof unnecessary[.]'" *Id.,* quoting *McLeod v. McLeod*, 11th Dist. Ashtabula No. 2012-A-0030, 2013-Ohio-4546, and *Rice v. Rice*, 8th Dist. Cuyahoga No. 78682, 2001 Ohio App. LEXIS 4983 (Nov. 8, 2001). "Where parties choose to stipulate facts in lieu of presenting evidence, they 'waive any error that may have occurred with respect to the fact that the trial court decided the case without hearing evidence presented by the parties' on the issue to which the parties stipulated." *Id.,* quoting *Rice.* Therefore, because Richer stipulated to the amount of damages, he has waived any error with respect to damages.

{¶ 39} We now turn to Richer's argument that Wilmington II was not entitled to summary judgment because it failed to satisfy the conditions precedent, specifically HUD regulations set forth in 24 C.F.R. 203.600 et seq. However, "compliance with federal regulations is only required when the terms of the note and/or mortgage incorporate such regulations or otherwise mandate that the transaction is subject to them." *Bank of Am., N.A. v. Curtin*, 11th Dist. Portage No. 2013-P-0082, 2014-Ohio-5379, ¶ 16, citing *U.S. Bank Natl. Assoc. v. Martz*, 11th Dist. Portage No. 2013-P-0028, 2013-Ohio-4555, and *BAC Home Loans Servicing, L.P. v. Taylor*, 9th Dist. Summit No. 26423, 2013-Ohio-355.

{¶ 40} Neither the promissory note nor the mortgage incorporated the HUD regulations set forth in 24 C.F.R. 203.600. While the mortgage does state that it is "governed by federal law," such a provision does not render the mortgage subject to 24 C.F.R. 203.600, et seq. *Curtin* at ¶ 19, citing *Martz.* Therefore, because the promissory note and the mortgage were not federally insured, Wilmington II was not required to comply with the conditions precedent set forth in the HUD regulations before filing its foreclosure action. *Compare United States Bank, N.A. v. Detweiler*, 5th Dist. Stark No. 2011CA00095, 2012-Ohio-73, ¶ 25 ("Appellants' loan at issue was a FHA insured loan; thus, subject to the requirements of 24 C.F.R. 203.604, including a face-to-face interview as a condition precedent to foreclosure.").

{¶ 41} We now turn to Richer's fifth and sixth assignments of error contesting the award of summary judgment to Wilmington II on Richer's counterclaims. In support, Richer argues that that award was error because (1) Wilmington II "improperly, incorrectly, and without right or authority refused to honor [Richer's] unconditional right * * * to rescind the note and mortgage obligation" and (2) there were genuine issues of material fact.

{¶ 42} First, Richer is incorrect in arguing that he "timely sent and served" his notice of rescission to Wilmington II.

> 15 U.S.C. 1635(a) [(the Truth in Lending Act)] grants a right of rescission on any mortgage loan transaction for which the borrower uses his or her principle dwelling as security. This right of rescission generally extends to midnight of the third business day following consummation of the transaction. The borrower may rescind the loan

transaction entirely if the lender fails to deliver certain forms or disclose important terms accurately. This right of rescission expires three days after the loan closes or upon the sale of the secured property, which ever date is earlier.

*Argent Mtge. Co. v. Ciemins*, 8th Dist. Cuyahoga No. 90698, 2008-Ohio-5994, ¶ 27. "If, however, the lender fails to provide the necessary notices of that right, the borrower has up to three years to rescind the transaction." *Deutsche Bank Natl. Trust Co. v. Forgues*, 8th Dist. Cuyahoga No. 103613, 2016-Ohio-4702, ¶ 2, citing 15 U.S.C. 1635(a). *Accord Bank of N.Y. v. Jordan*, 8th Dist. Cuyahoga No. 88619, 2007-Ohio-4293, ¶ 56 ("This right of rescission expires three years after the loan closes or upon the sale of the secured property, whichever date is earlier."). That three-year period is not subject to equitable tolling. *WM Specialty Mtge. v. Mack*, 5th Dist. Licking No. 2008 CA 00125, 2009-Ohio-2590, ¶ 27, citing *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998).

{¶ 43} In his answer to the amended complaint, Richer stated that he "sent a written rescind letter" to Wilmington II on December 18, 2015; the letter attached to Richer's answer, however, is dated April 16, 2016. Therefore, Richer did not provide evidence that he attempted to rescind the note and mortgage before April 2016. Even if we were to accept that Richer sent and Wilmington II actually received Richer's notice to rescind in December 2015 rather than April 2016, Richer executed the promissory note and mortgage in August 2004, which is more than 11 years before he sent the alleged 2015 letter to rescind.

{¶ 44} Therefore, Richer did not timely rescind the mortgage, and the trial court properly granted Wilmington II summary judgment on Richer's claim for rescission. Accordingly, we overrule his fifth assignment of error.

{¶ 45} Finally, in his sixth assignment of error, Richer argues that the trial court erred in granting Wilmington II summary judgment on his counterclaims because there were genuine issues of material fact.

{¶ 46} Turning to his counterclaim for violations of federal law — including the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. 1692, et seq.), 12 U.S.C. 2605, and the Ohio Consumer Sales Protection Act ("CSPA") (R.C. 1345.01) — Richer argues that Wilmington II failed to provide the required notice, lacked standing to bring the foreclosure action because it is a debt collector, provided misleading or false information, and "used unfair or deceptive practices to collect" on the loan.

{¶ 47} Richer, however, cites to no evidence in the record to support his claims and instead relies on definitions set forth in those laws and general, self-serving characterizations. On the other hand, the evidence supporting Wilmington II's motion for summary judgment showed that Wilmington II has standing (as discussed above) because the mortgage was assigned to Wilmington II in December 2017. Additionally, attached to Wilmington II's motion were 15 pages of financial information related to Richer's loan and debt; an affidavit from Darly Thammagno, a foreclosure specialist familiar with Richer's loan; copies of the mortgage and promissory note, which were not federally insured and subject to HUD regulations;

copies of the assignments of the mortgage and promissory note; and a letter sent to Richer in September 2013 notifying him that he was in default. Therefore, contrary to Richer's argument, there was no evidence showing that Wilmington II violated the FDCPA, 12 U.S.C. 2605, or the CSPA, lacked standing, provided misleading information or used unfair collection practices, or failed to provide notice of default. Therefore, we find no genuine issues of material fact.

{¶ 48} Next, Richer argues there were genuine issues of material fact concerning his counterclaim for breach of contract. Richer, however, simply recites law concerning the elements for a breach-of-contract claim as well as definitions related to fiduciaries. He does not set forth an argument "and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which [he] relies," as the appellate rules require. App.R. 16(A)(7). Further, Richer presented no evidence as to how Wilmington II breached its duties under the promissory note and/or mortgage. Instead, the evidence showed that Richer breached the contract by failing to pay his monthly installments for the loan. Therefore, we find no genuine issues of material fact.

{¶ 49} Finally, Richer claims that the trial court erred in granting Wilmington II summary judgment for his counterclaim for fraud. However, Wilmington II correctly points out that Richer did not allege such a counterclaim in either of his answers filed with the trial court.

{¶ 50} Accordingly, we find there were no genuine issues of material facts concerning Richer's counterclaims and overrule Richer's sixth assignment of error.

**{¶ 51}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, P.J., and
LARRY A. JONES, SR., J., CONCUR